**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.C., J.C., D.C.-1, and D.C.-2

**No. 15-1064** (Nicholas County 15-JA-52, 15-JA-53, 15-JA-54, & 15-JA-55)

## MEMORANDUM DECISION

Petitioner Father R.C., by counsel John C. Anderson, appeals the Circuit Court of Nicholas County's September 29, 2015, order terminating his parental rights to A.C., J.C., D.C.-1, and D.C.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Stephen O. Callaghan, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he could not correct the conditions of abuse and neglect and denying his request for an additional psychological evaluation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner abused A.C., J.C., D.C.-1, and D.C.-2 by exposing them to other adults who abused them. The petition further alleged that petitioner left the children in the care, custody, and control of M.C., their stepmother, who abused D.C.-2. According to the petition, a West Virginia State Trooper discovered D.C.-2 outside petitioner's home standing with her nose at the corner of the house. The petition further alleged that D.C.-2 was outside for approximately four hours, not wearing shoes, crying, and shivering. According to the petition, when D.C.-2 attempted to go inside the home, she was dragged back outside "by her arm" while being whipped. The petition also provided that petitioner was aware of the abuse and "assured [the DHHR] that he would not allow [the stepmother] to be around the children." The DHHR further alleged that petitioner had

---

[1]Because two of the minor children share the same initials, the Court will refer to the children as D.C.-1 and D.C.-2 throughout the memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

previously admitted to exposing his children to their biological mother, K.C., who abused drugs in their presence. The DHHR provided services to petitioner in 2009 and 2010 and petitioner previously submitted to a psychological evaluation.

In June of 2015, the circuit court held a preliminary hearing and found the existence of imminent danger to the children's physical well-being and removed them from petitioner's home. Following the preliminary hearing, petitioner submitted to another psychological evaluation.

In July of 2015, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition. The circuit court accepted his stipulation and adjudicated petitioner an abusing parent. Following the adjudicatory hearing, petitioner filed motions for both a post-adjudicatory improvement period and a post-dispositional improvement period on the basis that he stipulated to the allegations contained in the petition and was "willing to do anything it takes to regain custody of his children."

In September of 2015, the circuit court held a dispositional hearing. At the close of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because petitioner was "unwilling or unable to properly parent his children." The circuit court noted that petitioner has a long history with the DHHR as evidenced by a previous petition based on similar incidents of abuse and neglect. The record indicated that in 2009 petitioner admitted to exposing his children to their drug-addicted mother, who he knew could not take care of them. The circuit court determined that this was the second time that petitioner admitted to leaving his children in the care of an abusive and inappropriate person. The circuit court found that the same conditions of abuse and neglect from 2009 persisted in petitioner's current case. The circuit court further denied petitioner's requests for an improvement period and found that he is "incapable of putting the children's needs above his own needs," and that an improvement period would be futile. The circuit court also denied petitioner's request for another psychological evaluation and terminated his parental rights by order dated September 29, 2015. It is from this order petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in finding that he could not correct the conditions of abuse and neglect. In support of his contention, petitioner argues that he was not given the opportunity to correct the conditions of abuse and neglect because the circuit court denied his requests for an improvement period.

Pursuant to West Virginia Code § 49-4-610(2)(B), a parent must demonstrate, "by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" It is clear from the record that the circuit court found that petitioner was "incapable of putting the children's needs above his own needs," and that an improvement period would be futile because the same conditions of abuse and neglect from 2009 persisted in petitioner's current case. The record on appeal indicated that petitioner, despite years of services, continued to knowingly leave his children in the care, custody, and control of abusive people. Petitioner received an improvement period in his previous case and completed it. However, in his current case, the circuit court determined that petitioner again left his children in the care of an abusive person and found that the conditions of abuse and neglect persisted. According to the record, petitioner presented no evidence that he was likely to fully participate in an improvement period. On the contrary, petitioner demonstrated that he was unwilling or unable to correct the conditions of abuse and neglect that have persisted since 2009. Based on the evidence before it, the circuit court correctly denied petitioner's requests for an improvement period.

Petitioner also argues that the circuit court erred in terminating his parental rights "without giving him the chance to make the necessary changes" to correct the conditions of abuse and neglect. While petitioner contends that the circuit court erred in terminating his parental rights without employing less restrictive dispositions, the record is clear that there was no less restrictive disposition available in his case. Specifically, the circuit court found that that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

It is clear from the record that petitioner was unwilling and unable to properly parent his children, despite years of services. The record indicated that, according to petitioner's psychological examinations, he had a pattern of leaving his children "with inappropriate caregivers" and failed to take the necessary action to protect the children in the face of abuse. The circuit court found that petitioner had a long history with the DHHR and this was the second time he admitted to knowingly leaving his children in the care of an abusive person. The circuit

court also found that the same conditions of abuse and neglect from petitioner's previous case persisted in his current case. As such, petitioner's unwillingness to protect his children from abuse provided the circuit court with sufficient grounds for its finding that the conditions of neglect or abuse could not be substantially corrected.

Moreover, the circuit court correctly terminated petitioner's parental rights upon its finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect and that termination was in the children's best interests. In accordance with West Virginia Code § 49-4-604(b)(6), upon such a finding, circuit courts are directed to terminate a parent's parental rights. Therefore, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights.

Finally, petitioner argues that the circuit court erred in denying his request for an additional psychological evaluation. Specifically, petitioner contends that his previous psychological evaluation from 2009 portrayed him in "a good light," while the current psychological evaluation portrays him in "a negative light." We have long held that "factual findings are reviewed under a clearly erroneous standard. Clearly erroneous is a 'highly deferential' standard of review." *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 106, 459 S.E.2d 374, 383 (1995). We have also held that

> [a] finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. Pt. 1, in part, *In re Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

While petitioner argues that the 2015 psychological evaluation was "unduly prejudicial," he fails to satisfy the burden under a clearly erroneous standard. Petitioner is not challenging the qualifications of the psychological evaluator or the validity of the psychological evaluation, only the conclusion. Petitioner puts forth no evidence in support of his contention, other than his own belief that the second psychological evaluation was prejudicial. The circuit court, however, considered the evidence before it and concluded that "[t]he only difference between the 2009 psychological evaluation and the 2015 evaluation . . . [was] the passage of time." As such, we find that the circuit court correctly denied petitioner's request for an additional psychological evaluation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 29, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: May 23, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II